IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-126-KAC-DCP |
| | ) | |
| JOSEDAD DELACRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Withdraw as Counsel of Record [Doc. 286], filed by Donny Young ("Attorney Young") on May 26, 2023 and referred [Doc. 287] to the undersigned. 28 U.S.C. § 636(b). In the motion, Attorney Young requests that the Court appoint new counsel for Defendant Josedad Delacruz. The Court appointed Attorney Young to represent Defendant at his initial appearance on October 1, 2021 [Doc. 8]. In the motion, Attorney Young contends that Defendant has expressed concerns with counsel's representation and counsel has made efforts to address Defendant's concerns, but Defendant continues to be dissatisfied with counsel's efforts. Attorney Young states his belief that the attorney-client relationship is irreparably broken. The parties appeared for a hearing on this motion on June 7, 2023. Assistant United States Attorney Kevin Quencer represented the Government. Attorney Young appeared with Defendant Delacruz, who was also present.

At the hearing, Attorney Young stated that there was nothing more he could share outside a sealed hearing concerning the basis for the motion. AUSA Quencer did not state a position on the motion but noted for the record that if the case proceeded to trial, the Government's intention

would be to supersede the indictment, seeking to add charges based on additional evidence that had come to light since the filing of the indictment.[1]

The Court then conducted a sealed, *ex parte* portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that both Attorney Young and Defendant responded to the Court's inquiries as reasonably necessary to satisfy the Court that there are sufficient grounds to warrant Attorney Young's withdrawal based on a strained attorney-client relationship, suffering from a breakdown of communication and trust that has compromised beyond repair Attorney Young's ability to continue to defend Defendant Delacruz and to render effective assistance of counsel.

In light of the breakdown of communication and trust that has caused irreparable harm to the attorney-client relationship, the Court finds that good cause exists to grant Attorney Young's Motion to Withdraw as Counsel [**Doc. 286**], and the same is **GRANTED**.

Attorney Forrest Wallace appeared and agreed to accept representation of Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Attorney Wallace as Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Attorney Young is relieved as counsel of record for Defendant Delacruz and is **DIRECTED** to provide Defendant's file to new counsel as expeditiously as possible. Defendant Delacruz is encouraged to make every effort to effectively work with Attorney Wallace through the remainder of his case.

---

[1] AUSA Quencer detailed the additional charges, providing an explanation of supporting evidence. He further noted that there had been ongoing discussions with Attorney Young about a potential safety-valve debriefing that could potentially lower Defendant's sentencing range, but stated that Defendant would have to agree to speak with the Government about the offense with which he is currently charged.

2

In light of the substitution of counsel, the Court took up the matter of Defendant's sentencing hearing, which was scheduled to take place on June 9, 2023. Upon a finding of good cause, the Court may modify dates related to sentencing proceedings, including the date of the sentencing hearing itself. *See* Fed. R. Crim. P. 32(b)(2); E.D. Tenn. L.R. 83.9(g). The Court finds good cause exists to modify the date of Defendant's sentencing hearing, as Attorney Wallace will need time to prepare for the hearing. The parties agreed at the hearing to a new sentencing date of July 7, 2023.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Counsel of Record [**Doc. 286**] is **GRANTED**;

(2) Attorney Young is **RELIEVED** of his representation of Defendant and **DIRECTED** to transfer Defendant's file and any discovery to new counsel as soon as possible;

(3) Attorney Wallace is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA; and

(4) The sentencing hearing scheduled for June 9, 2023 at 1:45 pm before the Honorable Katherine A. Crytzer is **RESCHEDULED** to July 7, 2023 at 2:30 pm.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge